CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853
KEVIN D. SCHIFF
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-5087
Kevin.Schiff@usdoj.gov
*Attorneys of the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YOUEL GUERRA-VINALES,<br><br>Defendant. | Case No. 2:18-cr-00399-JAD-PAL<br><br>**Stipulation for Order to Release Evidence to Defense for Inspection and Testing**<br><br>ECF No. 57 |

    It is stipulated and agreed, by and between Christopher Chiou, Acting United States Attorney; Kevin D. Schiff, Assistant United States Attorney, counsel for the United States of America and Jennifer Waldo, Esq., counsel for defendant Guerra-Vinales;

    That pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) this Court issue an Order directing the Federal Bureau of Investigation (FBI) to release tangible evidence to the defense for independent laboratory testing.

    Specifically, the FBI will release testable samples of the following exhibits in FBI case number 245E-LV-6912965-FISUR; FBI evidence control numbers 1B561 and 1B567, to Minh Tran, Drug Detection Lab, Drug Enforcement Administration (DEA) registration number RD0500707, 9700 Business Park Drive, Suite 407, Sacramento, California, 95827,

for purposes of conducting independent laboratory analysis to determine the identity or purity of the release substances.

In support of this stipulation the parties submit the following:

1. After a drug trafficking investigation of Guerra-Vinales by the FBI, on December 11, 2018, Guerra-Vinales was indicted for distributing a controlled substance—methamphetamine. The seized methamphetamine (evidence control numbers 1B561 and 1B567) were submitted by the FBI to DEA for analysis. The DEA confirmed the seized items were methamphetamine and issued an opinion as to the purity of the substances.

2. Guerra-Vinales has requested the opportunity to have an independent laboratory analyze these pieces of tangible evidence, which analysis will be paid for by Guerra-Vinales.

3. Upon a defendant's request, the government must permit the defendant to inspect . . . tangible objects . . . if . . . the item is material to preparing the defense. . . ." Fed.R.Crim.Pro. Rule 16(a)(1)(E). To show materiality, there must be some indication that "disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975). "[E]vidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (citations and internal quotations omitted).

4. The defense has requested that a 50 to 200 milligram homogenized sample of evidence control numbers 1B561 and 1B567 be released for testing.

The parties have agreed to the terms and conditions of the release the evidence, which is reflected in the attached proposed order.

DATED this 4th day of March, 2021.

CHRISTOPHER CHIOU
United States Attorney

/s/ Kevin Schiff
Kevin D. Schiff
Assistant United States Attorney

/s/ Jennifer Waldo
Jennifer Waldo, Esq.
Counsel for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YOUEL GUERRA-VINALES,<br><br>　　　　　Defendant. | Case No. 2:18-cr-00399-JAD-PAL<br><br>**Order to Release Evidence<br>to Defense for Inspection and Testing** |

　　　Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court HEREBY ORDERS:

　　　In accordance with Federal Rule of Criminal Procedure 16(a)(1)(E), the Federal Bureau of Investigation (FBI), in case number 245E-LV-6912965-FISUR shall release a 20 to a 50-200 milligram representative sample of evidence control item numbers 1B561 and 1B567 for independent testing to:

　　　Drug Detection Lab, DEA registration number RD0500707
　　　c/o Minh Tran
　　　9700 Business Park Drive, Suite 407
　　　Sacramento, CA. 95827

　　　Prior to receiving the representative samples of the above identified evidence items, the Drug Detection Lab and/or Minh Tran shall possess and present to the FBI a current valid DEA registration sufficient to perform the qualitative analysis of a Schedule II controlled substance in full compliance with the applicable DEA registration procedures, found in 21 C.F.R. § 1301.11 *et seq*; and

　　　IT IS FURTHER ORDERED that, upon delivery of the exhibit(s) to the defense expert, the expert shall sign and return by Registered Mail, any FBI receipts or attestations indicating receipt of the sample required by the FBI. Following the qualitative analysis

4

ordered herein, the individual who conducted analysis shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746.  The Declaration will state the quantity of each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received from and returned to the Government.  The Declaration shall be delivered to the Government immediately upon completion of the analysis ordered herein; and

IT IS FURTHER ORDERED that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the analysis under this Order; and

IT IS FURTHER ORDERED that:

1. The defense shall coordinate with the Government a convenient date and time for the analysis ordered herein;

2. The defense expert is responsible for safeguarding the exhibits(s)/sample(s) and preserving the chain of custody in a matter to protect its integrity;

3. The defense expert is responsible for repackaging each sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

4. Upon completion of testing, the defense expert shall return any residual substance of the identified FBI evidence items to the FBI be a secure method approved by the FBI;

5. All analysis by the defense expert must be completed within 21 days of receipt of the samples. Return of the samples and its original packaging must occur within seven days of the completion of the analysis;

6. Any failure to following the aforementioned procedures will render defense's analysis scientifically unreliable as those terms are defense in the Federal Rules of Evidence;

7. Any failure by the defense to maintain proper chain of custody will not render FBI evidence control item numbers 1B561 and 1B567 inadmissible for any reason.

IT IS SO ORDERED

_____
THE HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

DATED: 3-17-2021