# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:18-cr-00399-JAD-CWH |
| Plaintiff | **Order Denying Motion for Compassionate Release and Motion for Appointment of Counsel** |
| v. | |
| Yoel Guerra-Vinales | [ECF Nos. 83, 84] |
| Defendant | |

Defendant Yoel Guerra-Vinales moves for compassionate release from his 84-month term of imprisonment, arguing that his health history and the conditions at the prison where he is incarcerated put him at a greater risk of complications should he contract COVID-19.[1]  The government does not contest Guerra-Vinales's medical conditions but argues that he is fully vaccinated against COVID-19 and is receiving adequate medical care.[2]  Because Guerra-Vinales has not demonstrated an extraordinary and compelling reason for his release, I deny his motion. Guerra-Vinales also moves for appointment of counsel.  But because the federal public defenders appeared and filed a notice of non-supplementation,[3] I deny that motion.

## Background

In 2022, Guerra-Vinales was sentenced to 84 months in prison followed by three years of supervised released for two counts of distribution of methamphetamine.[4]  Guerra-Vinales is housed at the Federal Bureau of Prisons' (BOP) federal-detention center in Yazoo City,

---

[1] ECF No. 83 at 1.

[2] ECF No. 89.

[3] ECF No. 88.

[4] *Id.*

Mississippi.[5]  He asks the court to reduce his sentence to time served and to give him a term of home confinement as part of his supervised release instead because he believes that he is at an increased risk of contracting COVID-19 and chicken pox at his facility.[6]  The government opposes Guerra-Vinales's motion, arguing that he cannot show extraordinary and compelling reasons for compassionate release because he is fully vaccinated and receives adequate medical care.[7]

### Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[8]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[9] is an exception to this limitation.  It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[10]  In determining whether extraordinary and compelling reasons exist, the sentencing judge must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[11]  And any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[12]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[5] *See* ECF No. 187 at 7.

[6] ECF No. 169 at 11, 13.

[7] *Id.* at 2.

[8] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); 18 U.S.C. § 3582(c).

[9] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[10] 18 U.S.C. § 3582(c)(1)(A)(i).

[11] *Id.*

[12] *Id.*

bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13]

Both parties agree that Guerra-Vinales exhausted his administrative rights.[14]  Guerra-Vinales contends that his age, asthma, high blood pressure, diabetes, anxiety, and sleep terrors increase his risk for health complications that arise out of COVID-19 and chicken pox.[15]  He also argues that the prison's conditions make him unable to practice social distancing and therefore exacerbate the potential effects of COVID-19.[16]  But Guerra-Vinales's reasons for wanting release are neither extraordinary nor compelling.

As of November 30, 2023, the prison where Guerra-Vinales is incarcerated is at its lowest modified-operation level.[17]  The BOP has also made COVID-19 vaccines and boosters available to inmates and has implemented a detailed COVID-19-response plan.[18]  The government also notes that Guerra-Vinales has received medical care numerous times since June 2022 and has been prescribed medication to address his health conditions.[19]  So the mere possibility that Guerra-Vinales may contract COVID-19, even considering his increased health-risk factors, falls

---

[13] *Id.*

[14] *See* ECF No. 89 at 1.

[15] ECF No. 83 at 3.

[16] *Id.*

[17] Institutions determine their operational level based on two COVID-19 risk indicators: the facility's COVID-19 inmate-isolation rate and the COVID-19 community risk in the county in which the facility is located.  If both these factors show low COVID-19 risk, the institution is at its lowest operational level and operates as usual. https://www.bop.gov/locations/institutions/yap/.

[18] https://www.bop.gov/coronavirus/COVID-19_modified_operations_guide.jsp.

[19] ECF No. 89 at 7.

short of providing an extraordinary and compelling reason to reduce his sentence.  Because there is no extraordinary and compelling reason, I need not consider the 18 U.S.C. § 3553(a) factors.

### Conclusion

IT IS THEREFORE ORDERED that Guerra-Vinales's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) **[ECF No. 169] is DENIED.**

IT IS FURTHER ORDERED that Guerra-Vinales's motion for appointment of counsel **[ECF No. 84] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
November 30, 2023